# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1868V
UNPUBLISHED

| | |
|---|---|
| THOMAS TIVER, JR.,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: February 6, 2023<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA,* for Petitioner.

*Nina Ren, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION AWARDING DAMAGES[1]

On September 17, 2021, Thomas Tiver, Jr. filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré Syndrome ("GBS"), a defined Table injury, after receiving an influenza ("flu") vaccine on November 15, 2018.[3] Petition at 1, ¶¶ 2, 28. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 27, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for his GBS. On February 6, 2023, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $156,673.56,

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] Petitioner also received a tetanus, diphtheria, acellular pertussis vaccine. Petition at ¶ 2; Exhibit 9 at 55-56.

representing compensation in the amounts of $147,500.00 for his past pain and suffering, $83.56 for his past unreimbursable expenses, and $9,090.00 for his past lost wages. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $156,673.56, representing compensation in the amounts of $147,500.00 for his actual pain and suffering, $83.56 for his actual unreimbursable expenses, and $9,090.00 for his actual lost wages in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| THOMAS TIVER, JR., <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 21-1868V <br> Chief Special Master Corcoran <br> ECF |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION[1]

### I. Procedural History

On September 17, 2021, petitioner, Thomas Tiver, Jr., filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, *as amended* (the "Vaccine Act"), 42 U.S.C. §§ 300aa-1 to -34, alleging that he developed Guillain-Barré Syndrome ("GBS") from the influenza ("flu") vaccine he received on November 15, 2018. *See* Petition.

On September 26, 2022, respondent, the Secretary of Health and Human Services, filed a Rule 4(c) Report, concluding that petitioner suffered GBS as defined by the Vaccine Injury Table, within the Table timeframe. ECF No. 38. On September 27, 2022, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation for a GBS Table injury. ECF No. 39.

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

## II. Items of Compensation

a. Pain and Suffering

Based on the record evidence, respondent proffers that petitioner should be awarded $147,500.00 in pain and suffering.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

b. Past Unreimbursable Expenses

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses related to his vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $83.56.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

c. Lost Wages

Evidence supplied by petitioner documents that he incurred past lost wages related to his vaccine-related injury.  Respondent proffers that petitioner should be awarded past lost wages in the amount of $9,090.00.  *See* 42 U.S.C. § 300aa-15(a)(3)(A).  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## III. Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment, as described below, and requests that the Chief Special Master's decision and the Court's judgment award the following: a lump sum payment of **$156,673.56**, in the form of a check payable to petitioner.[2]  Petitioner agrees.

---

[2] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

        Respectfully submitted,

        BRIAN M. BOYNTON
        Principal Deputy Assistant Attorney General

        C. SALVATORE D'ALESSIO
        Director
        Torts Branch, Civil Division

        HEATHER L. PEARLMAN
        Deputy Director
        Torts Branch, Civil Division

        LARA A. ENGLUND
        Assistant Director
        Torts Branch, Civil Division

        /s/ NINA Y. REN
        NINA Y. REN
        Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146
        Benjamin Franklin Station
        Washington D.C. 20044-0146
        (202) 451-7499
        Nina.Ren@usdoj.gov

DATED: February 6, 2023